## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 09-CV-81182-Marra-Johnson

ERIC TOLEDO, an individual,

      Plaintiff,

v.

NATIONAL ENTERPRISE SYSTEMS, INC.,
an Ohio corporation,

      Defendant.

_____/

```
FILED by    VT    D.C.
ELECTRONIC

August 14, 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. · MIAMI
```

### COMPLAINT

Plaintiff, Eric Toledo, an individual, sues Defendant, National Enterprise Systems, Inc., an Ohio corporation, and alleges:

### *INTRODUCTION*

1.    This is an action for violation of 15 U.S.C. §1692, *et seq.*, known more commonly as the "Federal Fair Debt Collection Practices Act" ("FDCPA"), and Florida Statutes §559.551, *et seq.*, known more commonly as the "Florida Consumer Collection Practices Act" ("FCCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### *JURISDICTION*

2.    Jurisdiction of this Court arises under 15 U.S.C §1692k and 28 U.S.C.§1337, and supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C.§ 1367.

### *ALLEGATIONS AS TO PARTIES*

3.    At all times material hereto, Plaintiff, Eric Toledo ("Mr. Toledo"), was *sui juris* and a resident of Palm Beach County, Florida.

4.     At all times material hereto, Defendant, National Enterprise Systems, Inc. ("NES" or "Debt Collector"), was an Ohio corporation doing business in Palm Beach County, Florida.

5.     At all times material hereto, NES is and was engaged in the collection of consumer debts using mail and telephone communications to debtors.

6.     All acts and omissions of any employee, agent or representative of NES were within the scope of the employment and authority of the employee, agent or representative and were committed with actual, constructive or implied knowledge and consent of NES or were subsequently ratified by NES.

7.     NES is properly subject to jurisdiction in the State of Florida pursuant to the Florida Long Arm Jurisdiction Statute as a result of the performance of acts causing injury to persons within the State of Florida.

### *FACTUAL ALLEGATIONS*

8.     In the late 1990s, Mr. Toledo obtained a student loan ("Toledo Student Loan") from SLM Financial Corporation, also known as "Student Loan Marketing" and "Sallie Mae" ("Sallie Mae") to finance his education at St. John's University, New York, New York.

9.     On or about March, 2009, Sallie Mae employed NES for the purpose of collecting or attempting to collect monies purportedly owed under the Toledo Student Loan.

10.     Commencing in March, 2009 through the date of the filing hereof, NES,  through its agents, employees or representatives acted within the scope of their employment, and with the authority of NES, began a pattern of conduct reasonably calculated to harass, threaten or coerce Mr. Toledo into paying monies under the Toledo Student Loan.

11.     On or about March 6, 2009, NES sent or caused to be sent to Mr. Toledo a written communication known more commonly in the collection industry as a "dunning letter" for the

purpose of collecting monies purportedly owed under the Toledo Student Loan ("Initial Collection Communication").

12. A true and correct copy of the Initial Collection Communication is attached hereto and incorporated herein by reference as Exhibit "A."

13. Pursuant to the Initial Collection Communication, NES provided or attempted to provide a disclosure of the rights of Mr. Toledo as a consumer to obtain debt verification pursuant to 15 U.S.C. §1692g.

14. Shortly after the transmission of the Initial Collection Communication, NES debt collectors began to call Mr. Toledo at his place of work.

15. The telephone calls from NES include repeated hang-ups without disclosure by NES of the purpose of the telephone call.

16. The employees of NES systematically contacted Mr. Toledo at his place of employment. As a result, Mr. Toledo informed NES that his employer had a policy against receiving telephone calls from debt collectors at the place of business of Mr. Toledo.

17. Notwithstanding the policy of the employer of Mr. Toledo with respect to telephone calls at the place of employment of Mr. Toledo, NES continued to telephone the place of employment of Mr. Toledo.

18. In one of the telephone calls to the employer of Mr. Toledo, the debt collector of NES spoke with the assistant of Mr. Toledo, to-wit: Nicole Nero ("Ms. Nero").

19. In the course of the telephone conversation with Ms. Nero, the debt collector of NES informed Ms. Nero that NES was attempting to collect a debt from Mr. Toledo.

20. In response to the request to speak directly to Mr. Toledo, Ms. Nero informed the debt collector of NES that Mr. Toledo was unavailable. The debt collector then began to yell

at Ms. Nero and instructed her to "put him on the phone" and stated "we know he is there."

21.     In the several discussions with Mr. Toledo, the debt collectors of NES repeatedly threatened to immediately garnish the wages of Mr. Toledo despite the lack of present ability or intention to initiate garnishment proceedings against Mr. Toledo.

22.     In order to coerce Mr. Toledo into making an immediate payment on the Toledo Student Loan, the debt collectors of NES misrepresented that NES was "at the courthouse with your docket," and that NES was "getting ready to sue [Mr. Toledo]" when in fact NES was not at the courthouse with the "docket of Mr. Toledo" and did not have the present ability or intention of initiating a lawsuit against Mr. Toledo.

## COUNT I - ACTION FOR VIOLATION OF THE
## FEDERAL FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. §1692 *ET SEQUI.*)

23.     This is action for violation of 15 U.S.C. §1692, *et sequi*, known more commonly as the "Fair Debt Collection Practices Act" ("FDCPA")

24.     Plaintiffs realleges and reaffirms the allegations contained in Paragraphs 1 through 22 above as if set forth hereat in full.

25.     At all times material hereto, Mr. Toledo was a "consumer" as said term is defined under 15 U.S.C. §1692a(3).

26.     At all times material hereto, Sallie Mae was a "creditor" as said term is defined under 15 U.S.C. §1692a(4).

27.     At all times material hereto, the Toledo Student Loan was a "debt" as said term is defined under 15 U.S.C. §1692a(5)

28.     At all times material hereto, NES was a "debt collector" as said term is defined under 15 U.S.C. §1692a(6).

29.     As more particularly described above, NES has violated the FDCPA in that NES has:

(a)     communicated at the place of employment of Mr. Toledo when NES knew or had reason to know that the employer of Mr. Toledo prohibits such communication in contravention of 15 U.S.C. §1692c.

(b)     communicated with third persons in connection with the collection of the Toledo Student Loan in contravention of 15 U.S.C. §1692b and §1692c(b);

(c)     engaged in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt in contravention of 15 U.S.C. §1692d;

(d)     used language the natural consequence of which is to abuse the hearer in contravention of 15 U.S.C. §1692d(2);

(e)     caused a telephone to ring with the intent to annoy, abuse or harass any person at the called number in contravention of 15 U.S.C. §1692d(5)

(f)     placed telephone calls without the meaningful disclosure of the caller's identity in contravention of 15 U.S.C. §1692d(6);

(g)     used false, deceptive, or misleading representations in connection with the collection of any debt in contravention of 15 U.S.C. §1692e;

(h)     made a false representation of the character, amount or legal status of any debt in contravention of 15 U.S.C. §1692e(2)(A);

(i)     made a threat to take any action that cannot legally be taken or is not intended to be taken in contravention of 15 U.S.C.§1692e(5);

(j)     used false representations or deceptive means to collect or attempt to

collect a debt in contravention of 15 U.S.C. §1692e(10); and

    (k)   used unfair or unconscionable means to collect or attempt to collect a debt

in contravention of 15 U.S.C. §1692f.

30.    15 U.S.C. §1692g provides, in pertinent part, the following:

### Notice of Debts; Contents

Within five days after the initial communication from the consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer written notice containing:

(a) The amount of the debt;

(b) The name of the creditor to whom the debt is owed;

(c) A statement that unless the consumer, within thirty days after receiving the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(d) A statement that if the consumer notifies the debt collector in writing within the thirty day period, the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(e) A statement that upon the consumer's written request within the thirty day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

31.    NES violated the requirements of 15 U.S.C. §1692g by collection activities and communications to Mr. Toledo, including repeated demands for immediate action or payment by Mr. Toledo, so as to overshadow the validation rights of Mr. Toledo in contravention of 15 U.S.C. §1692g(b).

32.    NES violated the requirements of 15 U.S.C. §1692g(b) by continuing the

collection of a debt prior to NES as a debt collector obtaining verification of the debt.

33.     As a direct and proximate result of the violation of the FDCPA by NES, Mr. Toledo has been damaged. The damages of Mr. Toledo include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation, embarrassment and the cost and expense of medical treatment.

34.     Pursuant to 15 U.S.C. §1692k, Mr. Toledo is entitled to recover actual damages together with statutory damages of $1,000.00, court costs and reasonable attorneys fees.

35.     Mr. Toledo has retained the undersigned law office to represent his interest herein and is obligated to pay said law office a reasonable fee for its services.

WHEREFORE, Plaintiff, Eric Toledo, an individual, demands judgment against Defendant, National Enterprise Systems, Inc., an Ohio corporation, for actual and statutory damages, together with interest, costs and attorneys fees pursuant to 15 U.S.C. §1692k, and for such other and further relief as justice may require.

## COUNT II - ACTION FOR VIOLATION OF THE
## FLORIDA CONSUMER COLLECTION PRACTICES ACT

36.     This is action for damages for violation of the Florida Consumer Collection Practices Act ("FCCPA") brought herein pursuant to the doctrine of pendant jurisdiction.

37.     Mr. Toledo realleges and reaffirms the allegations contained in Paragraphs 1 through 22 above as if set forth hereat in full.

38.     At all times material hereto, the Toledo Student Loan constituted a "debt" or "consumer debt" as said terms are defined under Florida Statutes §559.55(1).

39.     At all times material hereto, Mr. Toledo was a "debtor" or "consumer debtor" as said terms are defined under Florida Statutes §559.55(2).

40.     At all times material hereto, Sallie Mae was a "creditor" as said term is defined under Florida Statutes §559.55(3).

41.     At all times material hereto, NES was a "debt collector" as said term is defined under Florida Statutes §559.55(6).

42.     As more particularly described above, NES violated the FCCPA in that the NES has:

      (a)     willfully engaged in conduct which reasonably can be expected to abuse or harass Mr. Toledo in contravention of Florida Statutes §559.72(7); and

      (b)     claimed, attempted or threatened to enforce a debt when NES knew that the debt was not legitimate or asserted the existence of a legal right when such person knows the right does not exist, in contravention of Florida Statutes §559.72(9).

43.     As a direct and proximate result of the violation of the FCCPA by NES, Mr. Toledo has been damaged. The damages of Mr. Toledo include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation and embarrassment.

44.     As a direct and proximate result of the actions of Defendant, Defendant is liable for punitive damages in an amount to be determined by the reasonableness of the jury.

45.     Mr. Toledo has retained the undersigned law firm to represent his interest herein and is obligated to pay said law office a reasonable fee for its services.

46.     Pursuant to Florida Statute §559.77, Mr. Toledo is entitled to recover actual damages together with statutory damages of $1,000.00 each, reasonable attorney's fees and court costs.

WHEREFORE, Plaintiff, Eric Toledo, an individual, demands judgment for damages against Defendant, National Enterprise Systems, Inc., an Ohio corporation, for actual, statutory

and punitive damages, together with interest, costs and attorneys fees pursuant to Florida Statutes §559.77.

## DEMAND FOR JURY TRIAL

Plaintiff, Eric Toledo, pursuant to Rule 38, Federal Rules of Civil Procedure, demands a trial by jury of all issues so triable.

ROBERT W. MURPHY
Florida Bar No. 717223
1212 S.E. 2nd Avenue
Fort Lauderdale, Florida 33316
(954) 763-8660 Telephone
(954) 763-8607 Telecopier
rphyu@aol.com



NATIONAL ENTERPRISE SYSTEMS
29125 Solon Road • Solon, OH 44139-3442

March 6, 2009

RE: Sallie Mae - Direct Third Placements
Client ID: 01019923765024
For: ST JOHNS UNIVERSITY
Date of Referral: 03/01/2009
Date of Service: 07/12/2000
Please contact: (800) 925-6141 ext. 1219

5266982 SM0005
Eric E Toledo
2555 Pga Blvd
Lot 43
Palm Bch Gdns FL 33410-2937

**Total Amount Due: $37237.96**

This account has been listed with our office for collection. This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

As of the date of this letter, you owe the above referenced balance. Because of interest charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write this office or call the above referenced number.

| Client | Account # | Amount |
|---|---|---|
| Sallie Mae - Direct Third Placements | 5266982 | $37237.96 |
| | Total Amount Due: | $37237.96 |

You can now pay by automated phone system at (800) 238-0868 or on the internet at www.nesi.paymybill.com. Just enter your account number 5266982. Transaction fees will be charged if you use the automated phone system or the internet to make payment on this account. You are not required to use the automated phone system or the internet to make payment on this account. If you make payment on this account by check, the face amount of the check may be presented to your bank by paper draft or electronically as permitted by law.

**NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION**

45ONNESI02701

***PLEASE COMPLETE AND RETURN THE FORM BELOW WITH YOUR PAYMENT.***



ONNES102
PO Box 1022
Wixom MI 48393-1022

Daytime Phone: (____) _____-_____

Evening Phone: (____) _____-_____

☐ Enclosed is Payment in Full

200

Please forward all payments and correspondence to:
NATIONAL ENTERPRISE SYSTEMS
29125 Solon Road
Solon OH 44139-3442

701 137221335

*PERSONAL & CONFIDENTIAL*
Eric E Toledo
2555 Pga Blvd
Lot 43
Palm Bch Gdns FL 33410-2937

March 6, 2009          5266982          RKEL
Client ID: 01019923765024
Amount Due: $37237.96     Amt Paid: $_____

**EXHIBIT A**

℘JS 44   (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)   **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| ERIC TOLEDO, an individual | NATIONAL ENTERPRISE SYSTEMS, INC., an Ohio corporation |

| (b)   County of Residence of First Listed Plaintiff  Palm Beach | County of Residence of First Listed Defendant |
|---|---|
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY) |
|  | NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED. |

| (c)   Attorney's (Firm Name, Address, and Telephone Number) | Attorneys (If Known) |
|---|---|
| Robert W. Murphy, Esquire<br>1212 SE 2nd Avenue<br>Fort Lauderdale, FL 33316          (954)763-8660 |  |

(d) Check County Where Action Arose: ☐ MIAMI- DADE   ☐ MONROE   ☐ BROWARD   ☑ PALM BEACH   ☐ MARTIN   ☐ ST. LUCIE   ☐ INDIAN RIVER   ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1   U.S. Government Plaintiff

☑ 3   Federal Question (U.S. Government Not a Party)

☐ 2   U.S. Government Defendant

☐ 4   Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

*9:09CV 81182 - KAM - Johnson* (handwritten)

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### CIVIL RIGHTS
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

### PRISONER PETITIONS
- ☐ 510 Motions to Vacate Sentence
  **Habeas Corpus:**
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

### FORFEITURE/PENALTY
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

### LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

### IMMIGRATION
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus-Alien Detainee
- ☐ 465 Other Immigration Actions

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☑ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Re-filed- (see VI below)   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

| VI. RELATED/RE-FILED CASE(S). | (See instructions second page): | a) Re-filed Case ☐ YES ☑ NO |  | b) Related Cases ☐ YES ☑ NO |
|---|---|---|---|---|
|  |  | JUDGE |  | DOCKET NUMBER |

**VII. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

Violation of 15 U.S.C.§1692 et sequi (Fair Debt Collection Practices Act)

LENGTH OF TRIAL via   2   days estimated (for both sides to try entire case)

| VIII. REQUESTED IN COMPLAINT: | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | DEMAND $ | CHECK YES only if demanded in complaint:<br>JURY DEMAND:   ☑ Yes   ☐ No |
|---|---|---|---|

| ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE | SIGNATURE OF ATTORNEY OF RECORD | DATE  08/13/09 |
|---|---|---|

FOR OFFICE USE ONLY

AMOUNT  350.00          RECEIPT #              IFP